**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TERRINA JONES**                                    **CIVIL ACTION**

**VERSUS**                                           **NO: 06-7994**

**STATE FARM FIRE & CASUALTY CO.**                   **SECTION: "K"(2)**

<u>**ORDER**</u>

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 7). Defendant removed

this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Dave

Perret, is improperly joined. Defendants maintain that action against Dave Perret is perempted

by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year

peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to

remand in which there is an assertion of improper joinder. This Court held that the peremptive

period commenced upon issuance of the policy because any alleged misrepresentations could

have been discovered given the policy's clear language regarding extent of coverage. *See*

*Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006)

1

(misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The homeowner's policy was issued in 1990 and the SFIP was issued in 2004, and suit was not filed until August 28, 2006. All of the insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ XVIII (Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against him are perempted, Defendant Dave Perret is improperly joined in this action, and with Mr. Perret's dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties.

Plaintiff also names as Defendants NOCITO Construction, Bergens Construction, and Warren Sassar Roofing for fees that are allegedly "excessive, unfair, burdensome, and unjustified."

2

*See* Notice of Removal, Petition, at XXII (Rec.Doc.No. 1). Defendant contends that these claims are improperly joined with the insurance adjustment claims. The Court has previously addressed the issue of misjoinder of claims in the context of a motion to remand in *Johnson v. State Farm Fire & Cas. Co.*, 2006 WL 3714228 (E.D. La. Nov. 28, 2006). In *Johnson*, the Court emphasized that:

> In deciding whether parties are properly joined, the Court turns to Rule 20, which provides that, persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

*Johnson*, 2006 WL 3714228, at * 1 (*quoting* Fed.R.Civ.P. 20(a)).

The claims against the contractors involve distinct contracts with respect to the insurance contracts. While the object of the litigation, i.e. the Plaintiffs' home, is the same for all claims, wholly distinct questions of fact and law which are presented. Therefore, the Court finds that the claims against the contractors are misjoined with the insurance action, and because subject matter jurisdiction does not exist over these claims, dismissal is proper. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Dave Perret is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Defendants NOCITO Construction, Bergens Construction, and Warren Sassar Roofing are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, on this  28th  day of February, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**